1

2                                              FILED'10 NOV 2 14:43 USDC-ORP

3

4

5

6

7
_____

8                 IN THE UNITED STATES DISTRICT COURT
                            DISTRICT OF OREGON
9                            PORTLAND DIVISION

10   Lawrence Beaumont                    )
11                                        )    CV '10 - 1355      PK
             Plaintiff                    )    Civil Case No:
12                                        )
13       v.                               )
                                          )
14   Government of the City of Edgewood   )    COMPLAINT
           Edgewood Council Members:      )
15       Jeff Hogan-Mayor                 )    VIOLATION OF
         Mike Kelly, Deputy Mayor         )    CONSTITUTIONAL
16       Paul Crowley, Council Member     )    RIGHTS
         Daryl Eidinger, Council Member   )
17       Donna O'Ravez, Council Member    )
         Dave Olson, Council Member       )
18       Steve Cope, Council Member       )    Jury Trail Demanded
19       Mark Bauer, City Manager         )
     Ed Knutson (personal action)         )
20                                        )
21       Defendants                       )
                                          )
22   _____)

23   COME NOW the Plaintiff above named for a cause of action against the

24   Defendants alleged as follows;

25

26

27   COMPLAINT                                          Page 1

28   # 36866

## I.  PARTIES

1.1    Plaintiff Beaumont, is a part time homeless resident of Multnomah

County, Oregon State, with an address of 2870 NE Hogan Drive, 291

Gresham, OR 97030

1.2    Defendant, City of Edgewood, is an incorporated city within Pierce

County, Washington State. City Hall address: 2224 104th Avenue East,

Edgewood, WA. 98372, Telephone: 253.952.3299, Fax: 253.952.3537

1.4    Defendants Hogan, Kelly, Crowley, Eidinger, O'Ravez, Olson, and Cope

are elected officials governing the City of Edgewood.

1.5    Defendant Bauer is a salaried employee of the city of Edgewood

responsible for the day to day operations of the city and serving in the

capacity as City Manager.

1.6    Ed Knutson is the Contracted Police Officer from the Pierce County

Sheriff's Department serving as the City of Edgewood Police Chief.

Defendant Knutson engaged in illegal conduct under the color of legal

authority with or without the consent of his employing agency and which

has resulted in the denial of the Plaintiff's Civil Rights.

1.7    Other parties may be later added as Discovery uncovers their role

within these allegations.

COMPLAINT                                                                 Page 2

## II.  JURISDICTION

2.1    The subject matter of this complaint involves conduct under the color of legal authority which occurred while the Plaintiff was performing temporary volunteer hospice services within the City of Edgewood, Pierce County, Washington State and during which time the Defendants singularly or collectively deprived the Plaintiff of his civil rights and/or failed to take actions to prevent the violation of the Plaintiff's Civil Rights as granted under the United States Constitution. Jurisdiction is vested within this Court by virtue of violations of the United States Constitution (28 USC §1331), the parties being of different states (28 USC §1332), and the damage amounts sought from each Defendant which is likely to far exceed the requirement as set forth in 28 USC §1332 .

## III.  GENERAL OVERVIEW OF THE COMPLAINT

3.1    Plaintiff is a devoutly religious and openly gay man who was a temporary member of the household located at 5007 Monta Vista Drive-East, Edgewood, WA. 98372. Plaintiff was and continues to provide hospice care to a longtime friend of 31 years during his final months of life. Plaintiff himself is also terminally ill and partially paralyzed from damages left from a massive stroke which occurred in 2009.

COMPLAINT                                              Page 3

3.2    Plaintiff heard about a program which provided services to the homeless by housing them in unused space within private homes and which was seeking additional volunteers for the area where the hospice care was being provided. Plaintiff decided to participate since the very large home on Monta Vista Drive-East, in Edgewood, WA was only occupied by one person at the time of inquiry.

3.3    Shortly after accepting new residents under the Housing the Homeless Program, Chief Ed Knutson of the Edgewood Police Department arrived at the door with numerous other police officers as a show of force and spoke with the Plaintiff informing him that a resident, 23 year old John Deshiro was a registered level three sex offender and that he wanted the Plaintiff to remove him from the property. The Plaintiff inquired as to if Deshiro was in full compliance with the law or if he was wanted for any criminal violations. Chief Knutson responded that he was not wanted for any violation and was in full compliance with the reporting requirements but that his presence would cause trouble because the Mayor lives just lives doors away and the Mayor wants him out of Edgewood. The Plaintiff informed him that he would not do that but would review the circumstances of the situation. Plaintiff also informed the Chief that he has a moral obligation to provide food and shelter to his brothers in need as his religion has taught him. The Chief then asked what the religious affiliation was and the Plaintiff responded, the Wolf Creek Sanctuary. At that point, Chief Knutson became agitated and stated a derogatory comment about the Plaintiff's professed religious affiliation and departed.

COMPLAINT                                                                    Page 4

3.4     Shortly thereafter, the Police under the direction of Chief Knutson, began a campaign of harassment against the Plaintiff under the color of legal authority. This unlawful conduct included;

3.5     Defendant Knutson conducting or ordering of extensive surveillance of the property that the Plaintiff was residing at, then following departing vehicles pulling them over claiming that a traffic infraction had occurred. The Chief questioned the driver and would agree to allow them to depart without an infraction if they provided information regarding the Plaintiff.

3.6     Following the Plaintiff throughout the city as he transported the homeless to a local church for food services and to medical and social service appointments.

3.7     Staking out and ordering subordinate officers to stake out the entrances to the church where food services were provided including both entrances a block apart. It was later uncovered that the Chief was a member of the Board of Directors for the church and a member of a sponsored Boy Scout organization.

3.8     Stopping the Plaintiff without probable cause and issued a traffic infraction for not having a license even when the presented license was valid from the Plaintiff's home state. A Washington Court later dismissed the infraction after substantial evidence of Oregon residency was presented.

3.9     During the above stop, the Chief made mention that the Plaintiff's religion was just a bunch of dancing fags and that perhaps the next time the Plaintiff would cooperate with him (referring to a past police contact at the home in which

COMPLAINT                                                          Page 5

the Plaintiff invoked his right to remain silent). Plaintiff's religion is practiced

mainly by openly gay individuals and the Religion of the Chief, Lutheran, is

known for their denouncement of homosexuality. The Chief's Boy Scout

affiliation is also known to denounce homosexuality. Before departing, it is

believed that the Chief mumbled that maybe next time I'll get you to the jail

where you could get your ass wiped into cooperation.

3.10    Issuance of an infraction claiming that the Plaintiff was running a Bed and

Breakfast by housing the homeless even though it is a group tenancy situation as

permitted under Washington State Law Title 59 and which Edgewood does not

require a license to do.

3.11    Contacted the County Health Department officials and attempted to use

his legal authority to persuade them to declare that the septic system was

malfunctioning even though he has no known educational background to declare

such. Since that contact, the County Health Department did just that even though

swab tests proved to be negative for sewage. Plaintiff and all other residents were

given 28 days to vacate the property under threat of arrest.

3.11    Contacting neighbors and disclosed personal information asking them if

they would perform surveillance on the Monta Vista Home.

3.12    Contacting residents of the Monta Vista Home and asking them if they

would help him install a microphone inside the residence.

3.13    Defendant Knutson walking inside the Monta Vista home through open

doors without a warrant nor for legal reason even though he was advised by letter

to stop, essentially committing the unlawful act of trespass. This conduct only

stopped after the owner, Baker, filed a civil lawsuit which is still pending in the

Washington Superior Court.

3.14    Defendant Knutson contacting food bank staff and soliciting information

about household users while disclosing personal information about the Plaintiff

and the homeowners terminal medical condition.

3.15    Defendant Knutson contacting past and present house residents and stating

suggestive ideas to them by intimidation in hopes of prosecuting the Plaintiff

under the color of legal authority for suggestive crimes that the Plaintiff allegedly

may have committed.

3.16    Criminally arresting the Plaintiff and the homeowner (Baker) under

charges of operating a Hostel even though the city has no such definition of such

and all residents reside under state laws for tenancy.

3.17    During a surveillance of the Monta Vista address by Defendant Knutson,

the recent Edgewood Craigslist Murder took place just a short distance away from

the Plaintiff's location. Because a murder Suspect has indicated that he had first

checked the area for police before deciding to commit the crime, and the Plaintiff

was aware that all city patrol cars were located on or near Monta Vista Drive

during the event, Chief Knutson has threatened the Plaintiff to not make any

COMPLAINT                                                    Page 7

statements as such in any potential future lawsuit by the widow of the victim.

3.18    City Manager Mark Bauer demanding that an assortment of inspectors from numerous agencies be permitted entry into the Monta Vista home without warrant and which eventually ended with the arrest of the Plaintiff and the property owner (Baker).

3.19    Defendant Knutson disregard for spousal privileges granted by the State of Washington even though the Plaintiff demanded such in writing.

3.20    Defendant Knutson attempting to have the Plaintiff arrested for indecent exposure even though the house is occupied by all adult males who freely walk about as expected in their own home. Conviction of this charge could had resulted in a requirement for the Plaintiff to register as a sex offender and would void the Plaintiff's professional license.

3.21    Defendant Knutson attempting to encourage consensual sex partners to file a criminal complaint against the Plaintiff.

3.22    Arresting the Plaintiff and house owner Baker for operating a business without a license even though housing individuals is under the tenancy laws of the state and for which Edgewood does not require a license. The charge is a Gross misdemeanor and is punishable by imprisonment (all defendants).

COMPLAINT                                                            Page 8

3.23    Defendant Knutson providing false and misleading information on an Affidavit of Probable Cause used to obtain a warrant in Pierce County resulting in the arrest of the Plaintiff. Defendant Knutson knew or should have known that the information was false, misleading, half truths, hearsay, based upon suggestive ideas planted within the witness on the affidavit, and had little factual basis. Defendant Knutson knew or should have known that this information would be used to issue an arrest warrant against the Plaintiff.

3.24    Issuing an infraction claiming that the residence violates single family zoning laws by housing the homeless even though the Cities own definition of "Family" is in violation of the U.S. Supreme Court rulings made on at least two occasions. Defendants should have known that such rulings existed before issuing the infraction (all Defendants).

3.25    Failing to add onto a police report that a prior resident evicted for drug use and who made a false claim that the Plaintiff had stolen money allegedly stored by the Plaintiff also attempted to extort money from another resident earlier in the day by text phone messages which were retained as evidence. The resident whom the extortion was committed upon, James Leach, stated that he barely knew the new resident of one day when he started to behave oddly as though he was on drugs and in a threatening manner towards others.

COMPLAINT                                                                    Page 9

3.26    City Manager Bauer failing to investigate like housing situations in Edgewood when they were outside of the area where the Mayor resided and the location of the Plaintiff residence.

3.27    City Counsel failing to intervene in the illegal conduct even though they were aware that they had the power to stop the civil rights violations .

3.28    Defendant Knutson threatening the Plaintiff because Baker filed a lawsuit naming the City and his police agency by stating that he was working to jail the Plaintiff because you can't file your lawsuit from there.

3.29    Claiming that friends of the homeowner Baker who were visiting to say their final goodbyes to the dying man were household residents and ordered their removal from the property. When the guests did not leave, retaliatory acts were committed against the Plaintiff (all Defendants).

3.30    Defendant Knutson threatening the Plaintiff by retaliatory acts under the color of legal authority after he invoked his right to remain silent.

3.31    Defendant Knutson committing retaliatory acts under the color of legal authority after the Plaintiff began to host coffee chat groups for the homeless to discuss civil rights and how they can demand and protect them.

3.32    Defendant Knutson committing retaliatory acts under the color of legal authority after the Plaintiff appeared in an interview on a local FOX affiliate TV newscast regarding the issues contained within.

**COMPLAINT**                                                    Page 10

IV    CAUSES OF ACTION AGAINST THE DEFENDANTS

4.1    Reallage the facts as stated within. Violation of the 1st Amendment, 1st

clause, of the Constitution of the United States regarding religion. The

Defendants, either by act or failure to act to prevent the violation even though

empowered to do so, did violate the civil rights of the Plaintiff. Plaintiff now

suffers from fear, anxiety, and psychological problems from the illegal acts and

seeks compensation.

4.2    Reallage the facts as stated within. Violation of the 1st Amendment, 2nd

clause, of the Constitution of the United States. The Defendants, either by act or

failure to act to prevent the violation even though empowered to do so, did violate

the civil rights of the Plaintiff. Plaintiff now suffers fear, anxiety, and

psychological problems from the illegal acts and seeks compensation.

4.3    Reallage the facts as stated within. Violation of the 4th Amendment, 1st

clause, of the Constitution of the United States. The Defendants, either by act or

failure to act to prevent the violation even though empowered to do so, did violate

the civil rights of the Plaintiff. Plaintiff now suffers from fear, anxiety, and

psychological problems from the illegal acts and seeks compensation.

4.4    Reallage the facts as stated within. Violation of the 5th Amendment, 1st

clause, of the Constitution of the United States. The Defendants, either by act or

failure to act to prevent the violation even though empowered to do so, did violate

5.6    That the Court award interest as determined by the Court for all unpaid

judgments until fully paid.

5.7    Upon the conclusion of the trial, the Plaintiff requests that the Court

consider criminal charges against each Defendant under Title 18, §242 and take

into account any mental and/or bodily injuries in which the Plaintiff may have

suffered as a result of the Defendants conduct under the color of authority of law.

VI.    JURY DEMAND

6.1    The Plaintiff requests that a jury hear the facts of this complaint.

DATED this __2__ day of _November_, 2010.

Lawrence Beaumont
2870 NE Hogan Drive, 291
Gresham, OR. 97030
        Note: Plaintiff is part-time homeless but can receive mail at the above
        address.  No personal phone number available.

Lawrence Beaumont, Plaintiff Pro-Se

**COMPLAINT**                                    Page 13